NEW ROCHELLE TRUST COMPANY, Respondent, *v.* WILLIAM R. WHITE, as Superintendent of Banks of the State of New York, Appellant, and CITY OF NEW ROCHELLE, Respondent.

Argued April 23, 1940; decided May 28, 1940

*John J. Bennett, Jr., Attorney-General* (*John C. Crary, Jr.,* and *Henry Epstein* of counsel), for appellant. · The powers of banks and the regulation of the business of banking are, by Constitution, statute and character, matters of exclusive State concern. (*Adler* v. *Deegan,* 251 N. Y. 467; *People* v. *Utica Ins. Co.,* 15 Johns. 353; *Noble State Bank* v. *Haskell,* 219 U. S. 104; *Engel* v. *O'Malley,* 219 U. S. 128; *Matter of Morse,* 247 N. Y. 290; *Shepherd* v. *Mt. Vernon Trust Co.,* 269 N. Y. 234; *Nassau Bank* v. *Jones,* 95 N. Y. 115; *Matter of Union Bank of Brooklyn,* 176 App. Div. 477.) The State has exercised its paramount authority over the business of banking by the enactment of complete, general and exclusive provisions for the conduct thereof which exclude any power of banks to give security for the deposit of city funds. (*City of Marion* v. *Sneeden,* 291 U. S. 262;

*Nassau Bank* v. *Jones*, 95 N. Y. 115; *Gause* v. *Common-wealth Trust Co.*, 196 N. Y. 134; *State Bank of Commerce* v. *Stone*, 261 N. Y. 175; *City of Mt. Vernon* v. *Mt. Vernon Trust Co.*, 270 N. Y. 400; *Downey* v. *City of Yonkers*, 106 Fed. Rep. [2d] 69.) No power has been conferred on cities by the Constitution, the City Home Rule Law (Cons. Laws, ch. 76) or any other statute to authorize banks to give security for the deposit of city funds. (*City of New York* v. *Village of Lawrence*, 250 N. Y. 429; *County Securities Co.* v. *Seacord*, 278 N. Y. 34; *Adler* v. *Deegan*, 251 N. Y. 467; *Browne* v. *City of New York*, 241 N. Y. 96.)

*Albert Ritchie* for plaintiff, respondent. The city of New Rochelle had ample authority to adopt the local law as a part of its charter. (*Matter of Broderick* v. *Jayne & Mason*, 140 Misc. Rep. 861; *Matter of Bank of Spencerport*, 143 Misc. Rep. 196; *Tillinghast* v. *Merrill*, 151 N. Y. 135; *Yawger* v. *American Surety Co.*, 212 N. Y. 292; *Village of Bath* v. *McBride*, 219 N. Y. 92; *Matter of Bird* v. *McGoldrick*, 277 N. Y. 492; *Browne* v. *City of New York*, 241 N. Y. 96; *Bareham* v. *City of Rochester,* 246 N. Y. 140; *County Securi-ties, Inc.*, v. *Seacord*, 278 N. Y. 34; *Robia Holding Corp.* v. *Walker*, 257 N. Y. 431; *City of Mt. Vernon* v. *Mt. Vernon Trust Co.*, 270 N. Y. 400; *McNair* v. *Knott*, 302 U. S. 369; *Downey* v. *City of Yonkers*, 106 Fed. Rep. [2d] 69; *Mooney* v. *Cohen*, 272 N. Y. 33.) State banks and trust companies, when they desire to become depositaries for the public funds of a city, may pledge their assets when that is a con-dition imposed by any valid law, either adopted by the Legislature or by the local authorities. (*Curtis* v. *Leavitt*, 15 N. Y. 1; *State Bank of Commerce* v. *Stone*, 261 N. Y. 175; *Auten* v. *United States Nat. Bank*, 174 U. S. 125; *Wyman* v. *Wallace*, 201 U. S. 230; *American Surety Co.* v. *Philippine Nat. Bank*, 245 N. Y. 116; *Appleton* v. *Citizens Central Nat. Bank*, 190 N. Y. 417; *Dyer* v. *Broadway Central Bank*, 252 N. Y. 430; *O'Connor* v. *Bankers Trust Co.*, 159 Misc. Rep. 920.)

*Aaron Simmons, Corporation Counsel (A. M. Beach* of counsel), for City of New Rochelle, defendant-respondent. The city of New Rochelle is authorized under the City Home Rule Law to require by local law that banks designated as depositories of its funds deposit security to protect the deposits of the city. (*Browne* v. *City of New York,* 241 N. Y. 96; *Adler* v. *Deegan,* 251 N. Y. 467; *Matter of Osborn* v. *Cohen,* 272 N. Y. 55; *Matter of Mooney* v. *Cohen,* 272 N. Y. 33.) Neither the Banking Law (Cons. Laws, ch. 2) nor any State law prohibits banks or trust companies from pledging their assets to secure public funds. The power to pledge such assets is implied from the general power granted to a bank to do business and is implied from any law authorizing a public body to require security for its deposits. (*Matter of Bank of Spencerport,* 143 Misc. Rep. 196; *Matter of Broderick, Jayne & Mason,* 140 Misc. Rep. 861; *Hellawell* v. *Town of Hempstead,* 10 Fed. Supp. 771.)

*William H. Emerson, Corporation Counsel (Clarence M. Platt* of counsel), for City of Rochester, *amicus curiæ.* The local law was validly enacted under the Constitution and City Home Rule Law. (*Scott* v. *People,* 4 Hill, 384.) The plaintiff had the power to pledge a portion of its securities for the purpose of furnishing the city with security for its deposits. (*Steinway* v. *Steinway & Sons,* 17 Misc. Rep. 43.)

*James C. Tormey, Corporation Counsel (Arthur M. Beach* of counsel), for City of Syracuse, and *George W. Lee* for First Trust and Deposit Company, *amici curiæ.* The local law authorizing the deposit of city funds only in banks giving collateral security is valid and within the powers of the city to adopt. (*Robia Holding Corp.* v. *Walker,* 257 N. Y. 431; *County Securities, Inc.,* v. *Seacord,* 278 N. Y. 34; *Bareham* v. *City of Rochester,* 221 App. Div. 36; 246 N. Y. 140; *Adler* v. *Deegan,* 251 N. Y. 467; *Matter of Delaney,* 256 N. Y. 315; *Crawford* v. *Nassoy,* 173 N. Y. 163; *O'Connor* v. *Rhodes,* 79 Fed. Rep. [2d] 146; *Texas & Pacific Ry. Co.* v. *Pottoroff,* 291 U. S. 245; *Assn. for Protection of Adiron-*

*dacks* v. *MacDonald,* 228 App. Div. 73; 253 N. Y. 234; *Matter of Bank of Spencerport,* 143 Misc. Rep. 196; *Matter of Broderick, Jayne & Mason,* 140 Misc. Rep. 861; *Hella-well* v. *Town of Hempstead,* 10 Fed. Supp. 771; *Barnes* v. *Arnold,* 45 App. Div. 314; 169 N. Y. 611; *State Bank of Commerce* v. *Stone,* 261 N. Y. 175; *Matter of College of City of New York* v. *Hylan,* 205 App. Div. 372; 236 N. Y. 594; *People ex rel. Einsfeld* v. *Murray,* 149 N. Y. 367.)

LEHMAN, Ch. J.   The city of New Rochelle adopted a local law, effective, according to its terms, on January 1, 1932, which amended or superseded the charter granted by the Legislature (Laws of 1910, ch. 559). The local law (No. 1) contains a provision:

" § 132. Deposits of city funds.   City funds shall be deposited by the treasurer only in such banks or trust companies, one or more, as shall have been approved by the council, and the treasurer shall only deposit the city funds in such approved banks or trust companies, one or more, as shall have furnished either surety bonds or other securities (such securities to be deposited in escrow as security for the protection of the city funds), in kind and amounts under such rules and regulations as may be adopted by the council, but such amounts for each bank or trust company shall not be less than one hundred thousand dollars."

On February 3, 1936, the City Council adopted a resolution designating five banks and trust companies, including the plaintiff trust company, as depositaries for city funds and directing the Treasurer of the city to deposit no city funds in any of the banks or trust companies until such bank or trust company shall have deposited approved bonds in the sum of not less than $150,000 as security for deposits made by the city.   The plaintiff trust company has pledged such bonds as security for deposits of city funds; the city since then has had on deposit with the plaintiff varying sums of money with an average daily balance of over $300,000.

The Superintendent of Banks has advised the plaintiff

that the local law and the resolution adopted pursuant to its provisions do not confer upon the bank authority to pledge its assets as security for deposits of the city of New Rochelle and that the pledge of the bonds for such purpose should be terminated. The city of New Rochelle and its officers have notified the plaintiff that it will withdraw the moneys deposited with the plaintiff and close its account if the bonds pledged as security are withdrawn. The plaintiff wishes to retain the account of the city. The city and the plaintiff trust company both contend that the local law is valid and confers upon the bank power to make the pledge. The controversy has been submitted to the Appellate Division upon an agreed statement of facts. The Appellate Division decided that the local law is valid and that the local law and the resolution adopted in conformity therewith " affords sufficient authority to the plaintiff to pledge a portion of its assets to secure the deposit of the funds of the said city with it."

A bank has no power to pledge any of its assets as security for deposits made with it except as such power may be conferred by statute. The Legislature has not by any statute conferred upon banks such general power. (State Bank of Commerce v. Stone, 261 N. Y. 175.) That is true even where the deposits are made by a municipal corporation. (City of Mt. Vernon v. Mt. Vernon Trust Co., 270 N. Y. 400.) In State Bank of Commerce v. Stone (supra) we pointed out that statutes enacted by the Legislature confer upon banks power to pledge in some cases their securities for deposits of public moneys. Some of the statutes purporting to confer such power are general statutes, other statutes are local and the trust company and the city contend that the local law enacted by the city of New Rochelle confers upon banks in this case the power which the Legislature by local statute decreed that banks should have in other cases.

The section of the local law of New Rochelle which, it is said, confers upon banks a power which the Legislature has withheld does not in express terms purport to confer any

power upon the banks or trust companies to pledge their assets as security for deposits of funds of the city of New Rochelle. In terms it is only a restriction imposed upon the treasurer of the city and relates to the government and affairs of the city in the transaction of its business. A local law which does only that is, it is clear, within the field of legislation open to cities under the provisions of former article XII of the Constitution, as amended at the general election of 1923 (popularly known as the Home Rule Amendment) and under the City Home Rule Law (Cons. Laws, ch. 76) adopted by the Legislature to carry out the mandate of the amended Constitution.

The positive restrictions upon the power of the treasurer of the city to make a deposit with a bank or trust company, unless such bank or trust company pledges its securities, confers, it is said, by necessary implication, power upon the banking institution to make the pledge. A power conferred upon a public officer to exact from a bank a pledge to secure a deposit of funds in his custody can, of course, be exercised only if the bank has the power to give the security. Accordingly, where powers of both city officers and banks are derived from and subject to regulation by the same legislative body, it has been held that a statute conferring upon a public officer power to exact a pledge from a bank confers upon a bank by fair implication the power to make the pledge. (*Texas & Pacific Ry. Co.* v. *Pottorff*, 291 U. S. 245, 257, 258; *O'Connor* v. *Rhodes*, 79 Fed. Rep. [2d] 146.) Banks derive their powers from and are subject to regulation by the Legislature of the State and the problem in this case is whether the city of New Rochelle could by local law confer upon banks and trust companies, incorporated under the laws of the State of New York, authority, withheld by the Legislature, to make a pledge to secure deposits of moneys of the city of New Rochelle and, if the city has such power, whether the local law was intended to confer such authority upon the banks and trust companies.

We assume that validity of the statute must be determined by the provisions of article IX of the Constitution of the State, as amended in 1938, rather than the provisions of the Constitution in effect when the local law was adopted; for the City Home Rule Law (as amd. L. 1939, ch. 867, § 36) so provides in express terms. That article was unquestionably intended to extend the field in which a city might legislate and to exclude the Legislature from that field. Even so, under no reasonable construction of the new article of the Constitution do we find that the field of local legislation includes laws intended to confer upon the banks of the State a power withheld from banks by the Legislature even though without such power a bank might not be able to co-operate with the city in the transaction of the business of the city in the manner which the city might deem for its best interests.

The State incorporates banks and regulates and supervises the transaction of the business of banking in the interest of all the people of the State. Banks may be incorporated only by general laws, and they derive their powers from the State alone. If powers granted by the State to a bank might be curtailed by the city in which the bank does business or if powers withheld by the State might be conferred upon banks by the city, the control of banking by the State would no longer be plenary. Here, indeed, the city of New Rochelle asserts a right even broader. It asserts the right to confer upon banks, within and without the city, a power to be exercised in the transaction of business with the city, which the State has withheld and which banks cannot exercise in the transaction of business with other cities. The Constitution confers upon the cities the right to regulate by local law matters of local concern subject only to limitations and restrictions contained in the Constitution; so a city may, if it chooses, pass local laws restricting and regulating the power of its treasurer in respect to the care and custody of its funds — but the transaction of the business of a bank is not a matter of local concern, and when a city and a bank do business together

the bank cannot exceed the powers conferred upon it by the State, and no local law regulating the transaction of the business of the city can enlarge those powers.

The fact that at times the Legislature has passed statutes which confer upon officers of a particular city power or even duty to exact from banks a pledge to secure deposits and which thus affects the government and affairs of the city, and that, by the same statutes, the Legislature has conferred upon banks, in express terms, a power to give such pledge, does not indicate that conferring or withholding of such power on the banks is, in the opinion of the Legislature, a matter of local concern. Nor does the reference to such statutes in *State Bank* v. *Stone* (*supra*) support a contention that such a power might be conferred upon a bank as part of a local law enacted by a city. The regulation of the powers of the city officers does, of course, come, as we have said, within the field where cities may legislate. The Legislature could not intrude upon that field except by statute enacted in accordance with the Home Rule provisions of the Constitution as adopted in 1923; and when by statutes so enacted it conferred power upon the officers of some cities to exact security, the Legislature exercised, at the same time, also its right to regulate the affairs of banks and conferred upon banks which sought to do business with the cities a power to do such business in the manner provided in the statutes. Whether such statutes are wise or not does not concern the court. In the case cited we were not even called upon to determine the validity of such statutes. Nothing said or decided by the court in that case indicated that the court was of the opinion that the powers of banks might be a matter of local concern.

The judgment of the Appellate Division should be reversed, without costs, and judgment granted declaring that the New Rochelle Trust Company has no power to pledge any of its assets as security for deposits of city funds.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.